# New Supreme Court Opinions

For dates of rendering these opinions, see headlines over cases.

---

### No. 142

MAXFIELD, Treas., v. BROOKS et al
Ohio Supreme Court

No. 17829. Decided Feb. 5, 1924. 2 Abs. 116
Filed Jan. 29, 1923. 1 Abs. 181

1053. ROADS—May assess for road improvement, land, within 1 mile thereof—The area to be assessed may be changed upon due notice, at any time before assessment is made.

WANAMAKER, J.

#### Epitomized Opinion

First Publication of this Opinion

This action was instituted in Clermont Common Pleas to enjoin the county treasurer from collecting certain assessments on lands for the payment of a road improvement. The court held that the assessments were lawful against all the lands except those not within 1 mile of either side of the improvement. On appeal, all the assessments were held to be illegal, and upon a re-hearing the court adhered to its former judgment and made the injunction permanent.

The case is before the Supreme Court for a review upon the merits. After the county commissioners had voted for the road improvement and had had bonds issued they undertook to increase the assessment area, which had been limited to abutting property owners, to those within 1 mile on either side of the improvement, under 1214 GC. When the amount of porperty to be assessed was enlarged, notice was given to the additional property owners included therein, but only to abutting property owners. In modifying the judgment of the Court of Appeals, the Supreme Court held:

1. These statutes must be construed in connection with other statutes dealing with the same subject matter. A reasonable construction authorizes the county commissioners to at any time enlarge the district agreeable to the statute before an assessment is finally made.

2. Notice to property owners along the road is not sufficient to charge notice to all property owners within the 1 mile district. But the improvement has been completed and should be paid for. There is no legal barrier

## OHIO SUPREME COURT—Continued

to modify the judgment of the Court of Appeals from a permanent injunction to a temporary one remanding the cause to the Common Pleas Court, with instructions to grant the injunction for 30 days, and that within 10 days the county commissioners apply to the court for leave to give further notice to all owners within the 1 mile district, and a date be set for a hearing at which time the injunction be made permanent if the commissioners fail to give the notice. It is so ordered.

Attorneys—H. L. Nichols, Cincinnati; E. H. Spiedel and H. Britton, Pros. Atty., for Brooks et al, Bavaria; F. Davis, W. C. Bishop and C. A. Brannock, Batavia, for Maxfield.

# Weekly Abstract Of Pending Cases

These cases have been filed in the Supreme Court, and most of them are for hearing there on motion to certify the record. The references to The Abstract above each case direct the reader to the paragraph telling of the filing of the case, and give the character of the hearing.

These reports are published exclusively in The Abstract.

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.